ERIC D. HOUSER #130079
ehouser@houser-law.com
SARA L. MARKERT #251277
HOUSER & ALLISON
smarkert@houser-law.com
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
Telephone:  (949) 679-1111
Facsimile:   (949) 679-1112

Attorneys for Defendant,
Nationwide Credit, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KURT KISS,<br><br>      Plaintiff,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.,<br><br>      Defendant. | Case No.:  CV 08-08323-GAF (MANx)<br><br>**STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; [PROPOSED] ORDER**<br><br>*NOTE: CHANGES MADE BY THE COURT TO ¶¶ 8 AND 10*<br><br>Complaint filed: December 17, 2008<br>Trial date:  November 3, 2009 |

WHEREAS, the parties to the above-captioned action are engaged in discovery pursuant to the rules of this Court; and

WHEREAS, a great deal of the information sought by the parties or contained in documents sought by the parties may be claimed to be of a confidential and/or proprietary nature; and

1

**STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1    WHEREAS, the purpose of this Stipulation of Confidentiality is to permit
2 the parties to discover such information and documents pursuant to procedures that
3 are designed to protect the confidentiality of that material;
4    IT IS HEREBY STIPULATED, as follows:
5    1.   All documents or portions thereof produced, information disclosed,
6 and testimony given, in whatever form transmitted ("Discovery Material"), in this
7 action and all related proceedings or appeals (the "Proceedings") shall be used by
8 the party to whom it is produced solely for litigation purposes in connection with
9 the Proceedings and for no other purpose.  Discovery Materials include that portion
10 of documents prepared by counsel or the parties which summarize or reflect the
11 information contained in Discovery Materials, provided that
12       a.  Nothing in This Order is intended to constitute an agreement
13           regarding the scope of discovery; and
14       b.  The parties reserve the right to seek to remove certain Discovery
15           Materials from the restrictions of this order.
16    2.   Pursuant to discovery requests in this case and as may be required by
17 applicable law, the parties shall produce documents, notwithstanding the fact that
18 these documents may contain private information protected under federal, state or
19 local privacy laws.  Any party may designate as confidential any information,
20 whether it be contained in a document, electronically memorialized, revealed
21 during a deposition, contained in an interrogatory answer, or any other form of
22 information, including, but not limited to, personal, personnel, commercial,
23 financial or business information or data which the parties in good faith believe
24 should be afforded confidential treatment.
25    3.   Documents in hard copy shall be designated as confidential by
26 placement thereon of the word "Confidential." Testimony that the producing party
27 wishes to be treated as confidential shall be designated confidential by the marking
28

of the transcript of the testimony by the attorney for the witness. In order to ensure the confidentiality of testimony, all deposition testimony described above including exhibits thereto, shall be deemed confidential during the period from which said testimony is given until 30 days after the date on which the attorney for the witness has received the transcript of said testimony. Any testimony not designated confidential within 30 days of receipt of said transcript by the attorney for the witness shall not be considered confidential. Electronic data shall be designated as confidential by the producing party either by a designation in electronic form attached to the information or by a separate writing identifying the information that is to be treated as confidential. The inadvertent production of a document without a "Confidential" designation shall not be a waiver of such designation, provided that the producing party indicates in writing that the document should be treated as "Confidential" upon discovering its production without the appropriate designation and provides the receiving party with a copy marked "Confidential." All documents otherwise protected under any federal, state or local law as confidential-or subject to any disclosure restrictions, irrespective of any confidentiality designation or lack thereof by the parties under this Agreement, shall be deemed as "Confidential" information under this Agreement as if such documents had been specifically designated "Confidential" as provided herein.

   4.  Any Discovery Materials or portion thereof produced in these Proceedings which are protected under any federal or state privacy law, or which is either designated as "Confidential" pursuant to the foregoing paragraph of this Protective Order or by further order of the Court (collectively "Confidential Discovery Material"), shall not be further disclosed, except as provided in Paragraphs 5, 6 and 8 below, without the express written consent of the attorneys for the Producing Party.

5. Confidential Discovery Material may be disclosed only to the following:

    a. the attorneys for any party to this action;

    b. partners or employees of such attorneys who are actually involved in the litigation of these Proceedings;

    c. independent experts engaged to assist a party in the litigation of these Proceedings;

    d. the judge and personnel of the Court, including any referees appointed by the Court, involved in these proceedings (the "Court");

    e. a party or an officer or employee thereof actually engaged to assist a party in the litigation of these proceedings;

    f. independent court reporters in the course of a deposition conducted in these Proceedings;

    g. any witness who may be called to testify as a witness at any deposition, hearing or trial in these Proceedings. In addition, Confidential Discovery Material may be disclosed to any authors or recipients of those documents in the ordinary course of business.

6. Any person described in paragraph 5 (c), (e), or (g) above, prior to being given access to any Confidential Discovery Material shall be provided with a copy of this Protective Order and shall be requested to execute an affidavit in the form attached hereto as Exhibit A (for persons) or B (for entities). All such affidavits shall be kept by the party retaining the Independent Expert and shall be made available for inspection by any other party by Order of the Court. Confidential Discovery Material shall not be disclosed to any person described in paragraph 5 (c), (e), or (g) above who refuses to execute the annexed affidavit. Counsel shall promptly notify the parties of any breach of this order, whether

intentional or otherwise, and shall take such steps as are reasonably necessary to remedy or minimize the damage resulting from such breach.

7. Nothing herein shall be deemed to limit any party's right to challenge a designation of Discovery Materials as "Confidential." If Discovery Material designated as "Confidential" becomes the subject of a dispute concerning confidentiality, the party challenging such designation (the "Challenging Party") may submit such Discovery Material to the Court for an in camera inspection. The party asserting the confidential nature of the material (the "Asserting Party") shall have the burden to show good cause why the Court should allow continuation of the designation to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice. The Challenging Party shall have an opportunity to make a contrary submission. If the Asserting Party shall fail to persuade the Court that such good cause exists to continue the confidential designation, the material shall no longer be deemed "Confidential" and need not be treated as such by any person. Discovery Material will be maintained by the Court in accordance with the terms of this Protective Order. Access to documents submitted for in camera inspection shall be limited to the persons identified in paragraph 5 hereof, in accordance with Paragraph 6. In addition, the parties may agree to a modification of any of the provisions hereof and any party in any of the Proceedings may apply to the Court at any time for relief from or modification of any of the provisions of this Protective Order.

8. Any person in possession of Confidential Discovery Material shall maintain it in a secure manner so as to avoid disclosure of its contents and either (i) shall return it to the attorneys for the party which produced it within thirty (30) days following the termination of these proceedings or any related proceedings and appeals or (ii) destroy it within thirty (30) days of a written request by any party, in which case the party destroying the documents shall so certify to the party which

5

**STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1  produced it.  ***This paragraph shall not apply to Confidential Discovery Material***
2  ***filed with the Court.***
3       9.    This Protective Order shall not: (a) prejudice in any way the right of a
4  party to object to the production of Discovery Material it considers not subject to
5  discovery; (b) prejudice in any way the right of a party to seek determination by
6  the Court as to whether particular Discovery Material should be produced; or (c)
7  restrict the producing party's use of its own Discovery Materials or Discovery
8  Materials in its possession independent of discovery in these Proceedings.
9       10.   The fact that Discovery Material is designated as "Confidential" shall
10 not govern, or prejudice any party, in any way, from introducing, or objecting to
11 the introduction of such Discovery Material at any hearing, trial or appeal in these
12 Proceedings.  Any party wishing to submit confidential information in support of a
13 motion must seek to file papers containing such confidential information under seal
14 ***in accordance with the provisions of Local Civil Rule 79-5***.
15      11.   In the event a document which is claimed to be privileged is
16 inadvertently produced, the producing party may demand in writing the return of
17 such document from the receiving party.  The receiving party shall thereupon
18 return the document to the producing party within five (5) business days and take
19 reasonable steps to destroy all copies made thereof. The inadvertent production or
20 inspection of a document for which a timely demand for its return is made pursuant
21 to this paragraph shall not be deemed a waiver of any privilege. The return of any
22 document pursuant to this paragraph shall not constitute a waiver of the right of the
23 receiving party to make an application to the Court to compel production of such
24 document. This paragraph shall not otherwise affect the right of any party to claim
25 a privilege or the waiver of a privilege or an inadvertent disclosure of privileged
26 materials.
27 ///

12. The parties hereto anticipate seeking information from nonparties, which may include Confidential Discovery Materials. In that event, such nonparties may produce Confidential Discovery Materials in accordance with the provisions hereof by executing and delivering to the requesting party a copy of the appropriate exhibit affidavit(s) attached this Stipulation and Order.

IT IS HEREBY AGREED:

Dated: May 19, 2009                              HOUSER & ALLISON, APC

                                          By:   s/ Sara L. Markert
                                                Sara L. Markert
                                                Attorney for Defendant,
                                                Nationwide Credit, Inc.

Dated: May 19, 2009                              KROHN & MOSS, LTD

                                          By:   s/ Nicholas Botrager
                                                Nicholas Botrager
                                                Attorney for Plaintiff Kurt Kiss

7

**STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

EXHIBIT A

AFFIDAVIT OF _____

STATE OF _____      )
                                    ) :ss.
COUNTY OF _____

I, _____ , being duly sworn depose and say that:

1. My address is _____.

2. My current employer is _____,
whose address is_____.

3. My current occupation or job description is _____
_____.

4. I have received a copy of the Confidentiality Stipulation and Protective Order regarding discovery in this case on            _____.

5. I have carefully read and I understand the provisions of the Stipulation and I will comply with all of its provisions.

6. I will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

7. I will return all Materials which came into my possession to the attorneys for the party or parties by whom I am employed.

8. I understand that if I violate the provisions of the Stipulation I will be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____          Signed: _____

Sworn to and subscribed before me this _____ day of _____, 200__

_____
Notary Public

1

**AFFIDAVIT**

EXHIBIT B

AFFIDAVIT OF _____

STATE OF _____ )
                                                        ) :ss.
COUNTY OF _____ )

I, _____ , being duly sworn depose and say that:

1. I am the _____ (title) of _____ (company).

2. The current address of _____ (company) is _____.

3. A copy of the Confidentiality Stipulation and Protective Order regarding discovery in this case was received on _____.

4. I have carefully read and I understand the provisions of the Stipulation and I will comply, and undertake to ensure that all in the employ of _____ (company) will comply with all of its provisions. All in the employ of _____ (company) who will be shown Confidential Discovery Materials will read and sing a Affidavit in the form annexed as Exhibit A to the Stipulation.

5. We will use the Discovery Materials and the Confidential Discovery Materials (the "Materials") only in connection with this Action and will hold in confidence, and not disclose to anyone not qualified under the Stipulation, all Confidential Discovery Materials.

6. All Materials which came into our possession will be returned to the attorneys for the party or parties from whom the Materials were received.

7. We understand that if we violate the provisions of the Stipulation, we will be subject to sanctions by this Court and that the parties may assert other remedies against us. We hereby submit to the jurisdiction of this Court for those purposes.

Dated: _____           Signed: _____

Sworn to and subscribed before me this \_\_\_\_\_ day of _____, 200\_\_

_____
Notary Public

2

**AFFIDAVIT**

**PROOF OF SERVICE**

I am employed in Long Beach, California; I am over the age of 18 and am not a party to this action; my business address is 3760 Kilroy Airport Way, Suite 260, Long Beach, CA 90806. On May 20, 2009, I served the following documents:

**STIPULATION RE CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER; [PROPOSED] ORDER; EXHIBITS**

On the parties listed below:

Michael S. Agruss
Nicholas J. Bontrager, Esq.
KROHN & MOSS, LTD.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025
*Attorneys for Plaintiff Kurt Kiss*
magruss@consumerlawcenter.com
nbontrager@consumerlawcenter.com

By the following means of service:

[X] **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF system to the e-mail addresses listed above. I am readily familiar with firm's Microsoft Outlook e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete, without error.

[X] **STATE:** I declare under the penalty of perjury under the laws of California that the above is true and correct.

Executed on May 20, 2009, at Long Beach, California.

By: /s/ Sara L. Markert
Sara L. Markert

1

**AFFIDAVIT**